# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
December 6, 2023 Session

## LARRY KENT ET AL. v. GLOBAL VISION BAPTIST, INC. ET AL.

**Appeal from the Chancery Court for Wilson County**
**No. 2022-CV-241   Caroline E. Knight, Judge**

_____

### No. M2023-00267-COA-R3-CV

_____

The Plaintiffs filed suit against a neighboring church and its pastor, alleging violations of local ordinances, as well as nuisance and trespass. The Defendants responded with a petition for dismissal under the Tennessee Public Participation Act (TPPA). After the trial court denied Plaintiffs' attempt to voluntarily dismiss the pastor, the Defendants, in response to a statement by opposing counsel, filed a motion seeking an order of dismissal of the pastor with prejudice. The trial court denied that motion. Before the scheduled hearing on the TPPA petition could occur, the Defendants appealed the trial court's denial of their motion for an order of dismissal as to the pastor, purportedly proceeding under Tennessee Code Annotated section 20-17-106, a provision of the TPPA that allows for an immediate appeal of a grant or denial of a TPPA petition. Because the order being appealed is not a dismissal or a refusal to dismiss a legal action pursuant to the Defendants' TPPA petition, which is still pending before the trial court, we dismiss this appeal for lack of subject matter jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JEFFREY USMAN, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Ben M. Rose, Brentwood, Tennessee, for the appellants, Global Vision Bible, Inc., and Greg Locke.

Benjamin Lewis, Murfreesboro, Tennessee, for the appellees, Larry Kent and Linda Kent.

**OPINION**

**I.**

Larry and Linda Kent (Plaintiffs) live across the street from Global Vision Bible, Inc. (the Church), for which Greg Locke is the Pastor (collectively, the Defendants). In November 2022, the Kents filed a complaint against the Church and Pastor Locke, individually, based on alleged violations of local zoning ordinances, nuisance, and trespass. The claims were based primarily on noise and water runoff issues related to the Church's use of a large tent as its structure. In response, the Defendants filed a petition to dismiss the complaint under the Tennessee Public Participation Act, codified at Tennessee Code Annotated § 20-17-101 et seq. (TPPA). The petition alleged that the Plaintiffs' complaint sought to shut down the Church based on its religious tenets. The Defendants sought relief under the TPPA, including a dismissal of the lawsuit, costs, attorney's fees, and sanctions.

The Plaintiffs then filed a notice of voluntary nonsuit without prejudice as to Pastor Locke, individually. The Defendants objected to the notice of voluntary dismissal, alleging that it was not properly served and that the dismissal was ineffective because of the pending TPPA petition. According to the Defendants, during the February 10 hearing related to the attempted voluntary dismissal, the Plaintiffs' counsel stated that he was willing to dismiss Pastor Locke with prejudice, to which Defendants' counsel responded, "Accepted."[1] There is no order in the record related to the February 10, 2023 hearing, but it appears that the court refused to accept the notice of voluntary dismissal.

On February 13, the Defendants filed a motion for entry of dismissal with prejudice, arguing that the only type of dismissal available to the Plaintiffs after the filing of the Defendants' TPPA petition was one with prejudice. The motion was also based on the alleged oral statement made by Plaintiffs' counsel. This motion was *separate* from the Defendants' still-pending TPPA petition, which was set to be heard on February 23. The court held a hearing on the Defendants' motion for entry of dismissal on February 22, and it denied the motion. In its written order, the court explained that the Plaintiffs had not properly submitted a written notice of voluntary dismissal under Rule 41. It also found that the in-person statement made by the Plaintiffs' counsel was not followed by a written order and was "promptly withdrawn" by the Plaintiffs' counsel. The court signed the written order on February 22, though it was not entered until February 27.

That day, on February 22, the Defendants filed the current appeal under Tennessee Code Annotated section 20-17-106, which allows a party to "immediately" appeal a

---

[1] There are no transcripts in the record. The only portion of the record related to this in-court conversation is in the Defendants' later motion for entry of an order of dismissal with prejudice, to which the Defendants purported to attach a small portion of a transcript describing this exchange.

"court's order dismissing or refusing to dismiss a legal action pursuant to a petition filed" under the TPPA. The next day, on February 23, 2023, at the previously scheduled hearing on the Defendants' TPPA petition, the court orally ruled that it was staying the proceedings pending appeal. On March 27, the trial court entered a written order staying proceedings pending this appeal. In its order, the court explained that it learned of this appeal the morning of the scheduled February 23 hearing on the Defendants' TPPA petition. The court made clear that the TPPA petition is still pending.

On appeal, the Church and Pastor Locke argue that the trial court erred in failing to dismiss the Complaint against Pastor Locke with prejudice based upon counsel's oral statement. The Church and Pastor Locke assert that this court has jurisdiction to hear an immediate appeal under Tennessee Code Annotated section 20-17-106. In response, the Kents argue that this court lacks subject matter jurisdiction to hear the appeal under the TPPA's immediate appeal provision because the trial court has not yet had a hearing or ruled on the Defendants' TPPA petition. Further, they argue that the appeal is frivolous and request attorney's fees.

II.

First, we must address the threshold jurisdictional issue. The Defendants have made clear that they are appealing under the TPPA's immediate appeal provision, Tennessee Code Annotated section 20-17-106. This section of this statute reads:

> The court's order dismissing or refusing to dismiss a legal action pursuant to a petition filed under this chapter is immediately appealable as a matter of right to the court of appeals. The Tennessee Rules of Appellate Procedure applicable to appeals as a matter of right governs such appeals.

Tenn. Code Ann. § 20-17-106. According to the Defendants, they are appealing an order dismissing or refusing to dismiss the complaint "pursuant to a petition" filed under the TPPA. *See id.*

We disagree. This is not an appeal from an order dismissing or refusing to dismiss a legal action pursuant to the TPPA. Rather, the Defendants appealed the trial court's order denying their February 13, 2023 *motion for entry of dismissal with prejudice*, which itself was based on the Plaintiffs' attempt to voluntarily dismiss Pastor Locke and an alleged oral statement related to a dismissal with prejudice. At the time the trial court denied that motion, the Defendants' TPPA petition remained set for a separate hearing on February 23, 2023. The trial court, in its March 27, 2023 order staying proceedings, confirmed that the hearing on the TPPA petition remained on the docket even after the Defendants appealed. Only after the court learned of the appeal did it stay the proceedings, including the hearing on the TPPA petition. It is clear from the trial court's stay order that the TPPA petition is currently pending. The trial court has not ruled as of yet upon the TPPA petition either

dismissing or refusing to dismiss the legal action pursuant to the TPPA.

In analyzing a TPPA petition, a trial court utilizes a "burden-shifting mechanism." *Adamson v. Grove*, No. M2020-01651-COA-R3-CV, 2022 WL 17334223, at *4 (Tenn. Ct. App. Nov. 30, 2022) (quoting *Doe v. Roe*, 638 S.W.3d 614, 624 (Tenn. Ct. App. 2021)). First, the petitioning party has the burden of making a prima facie case that the lawsuit is based on that party's exercise of the right to free speech, right to petition, or right of association. Tenn. Code Ann. § 20-17-105(a). If this burden is met, the court will dismiss the lawsuit unless the responding party can establish a prima facie case for each essential element of its claims. Tenn. Code Ann. § 20-17-105(b). Regardless, the court will still dismiss the lawsuit under the TPPA if the petitioning party can establish a valid defense. Tenn. Code Ann. § 20-17-105(c). The court's decision on these issues is based on "sworn affidavits stating admissible evidence" or "on other admissible evidence" the parties may present. Tenn. Code Ann. § 20-17-105(d). This framework necessarily requires the introduction of arguments and evidence as to each step in the burden-shifting analysis. Here, there has been no hearing on the TPPA petition, there have been no live arguments on the substance of the petition, nor any evidence taken. Importantly, none of these statutory steps has been addressed by the trial court, as it has not yet had the opportunity to make any findings or otherwise rule one way or the other on the applicability of the TPPA. In other words, there is not yet an "order dismissing or refusing to dismiss a legal action pursuant to a petition" filed under the TPPA, as required by Tennessee Code Annotated section 20-17-106.

Defendants, nevertheless, urge this court to allow the appeal, comparing it to our prior cases interpreting the TPPA and voluntary dismissals. *See Adamson*, 2022 WL 17334223, at *4; *Flade v. City of Shelbyville*, No. M2022-00553-COA-R3-CV, 2023 WL 2200729, at *8, 18-24 (Tenn. Ct. App. Feb. 24, 2023), *perm. app. granted* (Tenn. Aug. 9, 2023); *Solomon v. Solomon*, No. M2021-00958-COA-R3-CV, 2023 WL 3730597, at *2-3 (Tenn. Ct. App. May 31, 2023), *perm. app. filed* (Aug. 1, 2023). However, all of these cases deal with voluntary dismissals and either a grant of the TPPA petition or termination of the TPPA petition as a result of the trial court accepting a voluntary dismissal. Here, in contrast, there has been no voluntary dismissal. The lawsuit remains pending against both the Church and Pastor Locke, individually, as the trial court rejected the Plaintiffs' attempt to voluntarily dismiss Pastor Locke without prejudice and the Defendants' motion for entry of dismissal with prejudice. The procedural posture is fundamentally different from these prior cases.

The Defendants appealed an order that falls outside the scope of Tennessee Code Annotated section 20-17-106. Because they are not appealing an order dismissing or refusing to dismiss the complaint "pursuant to a petition" filed under the TPPA, there is nothing for this court to review under Tennessee Code Annotated section 20-17-106. The Defendants had the option to seek an interlocutory appeal under Rule of Appellate Procedure 9, but they chose not to. Instead, they chose to file it under the TPPA's

- 4 -

immediate appeal provision, which is inapplicable to the order they appealed. After the trial court has ruled as to the TPPA petition itself section 106 will apply. Otherwise, we have no jurisdiction without a final order. *See* Tenn. R. App. P. 3(a). Therefore, we dismiss the appeal for lack of subject matter jurisdiction.

## III.

We must also address the Plaintiffs' request for attorney's fees on appeal. They argue that the appeal is frivolous, citing Tennessee Code Annotated section 27-1-122:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. "An award of appellate attorney's fees is a matter within this Court's sound discretion." *Moran v. Willensky*, 339 S.W.3d 651, 666 (Tenn. Ct. App. 2010) (citing *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995)). "In considering a request for attorney's fees on appeal, we consider the party's ability to pay such fees, the requesting party's success on appeal, whether the appeal was taken in good faith, and any other equitable factors relevant in a given case." *Id.* (citing *Darvarmanesh v. Gharacholou*, No. M2004-00262-COA-R3-CV, 2005 WL 1684050, at *16 (Tenn. Ct. App. July 19, 2005)). Here, the Plaintiffs have provided inadequate support to justify such an award in the present case.

## IV.

For these reasons, we dismiss the appeal. Costs of this appeal are taxed to the Appellants, Global Vision Bible, Inc. and Greg Locke, for which execution may issue if necessary. The case is remanded for such further proceedings as may be necessary and consistent with this opinion

_____
JEFFREY USMAN, JUDGE